[L. A. No. 6367. Department One.—October 27, 1920.]

## C. B. DANIELSON, Appellant, v. THE CITY OF BAKERSFIELD et al., Respondents.

[1] PUBLIC WORK—EIGHT-HOUR DAY LAWS—INAPPLICABILITY TO MEMBERS OF CITY FIRE DEPARTMENT.—A member of a paid fire department maintained by a municipal corporation does not come within the provisions of the constitution and of the several laws establishing an eight-hour day, since such provisions refer to persons engaged as workmen of some kind upon public work or employed by some city or other public authority and actually engaged in labor.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. G. Graham for Appellant.

Wesley P. Grijalva for Respondents.

At the close of the argument Shaw, J., delivered the opinion of the court, Lawlor, J., and Olney, J., concurring.

The only question in this case is whether or not a member of a paid fire department, maintained by a municipal corporation in this state, comes within the provisions of several laws establishing an eight-hour day. The constitution (art. XX, sec. 17) provides that the time of service of all *laborers, workmen,* or *mechanics* employed upon any public works by the state, a county, or a municipality is

eight hours only. We think it is perfectly obvious that a fireman is not either a laborer, workman, or mechanic, as referred to in that section. Section 3245 of the Political Code contains the provision that eight hours constitutes a legal day's work in all cases where the same is performed under the authority of the state, or of any city or county within the state, and that a stipulation to that effect must be made a part of all contracts to which the state, county, or city is a party. Section 653c of the Penal Code provides that the time of service of any laborer, workman, or mechanic employed upon any public works or upon any work for the state shall be limited to eight hours a day, and imposes a penalty upon anyone violating this provision. Section 142 of the Bakersfield charter provides that the time of service of any laborer, workman, or mechanic employed upon any public works or upon work done for the city shall be limited and restricted to eight hours a day. All of these provisions have substantially the same meaning.

[1] It is the opinion of the court that they do not refer to or include firemen in a paid fire department of a city, but, on the contrary, refer to persons engaged as workmen of some kind upon public work or employed by some city or other public authority and actually engaged in labor. The court below correctly held that they do not apply to firemen of the city of Bakersfield.

The judgment is affirmed.